

JOHN N. ORSINI
jorsini@fklaw.com
212.833.1186

April 23, 2024

**BY ECF**



The Honorable Jessica G.L. Clarke, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street, Room 1040
New York, NY 10007

           Re:    ***Seibert, et al. v. Federal Deposit Insurance Corporation, as Receiver for Signature Bank, N.A., et al.*, Case No. 1:24-cv-00427-JGLC**

Dear Judge Clarke:

      The undersigned represents defendants the Federal Deposit Insurance Corporation ("FDIC") as Receiver for Signature Bank ("FDIC-R1") and as Receiver for Signature Bridge Bank, N.A. ("FDIC-R2") (together, "Defendants") in the above-captioned matter. We write pursuant to Federal Rule of Civil Procedure 26(c) and Your Honor's Individual Rule 4(k) to request a stay of discovery pending the filing by Plaintiffs of their anticipated amended complaint, and, if Defendants decide to move to dismiss the amended complaint, pending resolution of that motion. Pursuant to Local Rule 37.2, we have conferred with counsel for Plaintiffs, who do not consent to the stay; Plaintiffs' position on this application is set forth below. The current deadline to file a proposed case management order is April 25, 2024, and an initial pretrial conference is currently scheduled for May 2, 2024.

### BACKGROUND

      Plaintiffs are bankers who previously worked in the digital assets group at Signature Bank, servicing customers in the crypto-currency markets. Plaintiffs claim that they were promised, but not paid, certain bonus amounts totaling over $30 million (collectively) in connection with their work at Signature Bank in 2022. They were still employed at Signature Bank when, on March 12, 2023, it was closed by the New York Department of Financial Services and placed into receivership with FDIC. Also on that day, the Office of the Comptroller of the Currency chartered Signature Bridge Bank, N.A. ("SBB"), to which certain of Signature Bank's assets and liabilities were transferred by agreement with FDIC-R1. Plaintiffs were employed by SBB for approximately one week, during which they claim they again were promised certain bonus payments would be made to them, until they were terminated on March 19, 2023. After their termination, SBB was also placed into receivership with FDIC.

      In their Complaint, Plaintiffs seek to collect from FDIC-R1 and FDIC-R2 these bonuses, asserting claims against both FDIC-R1 and FDIC-R2 for wrongful denial of administrative claims, breach of contract, quantum meruit, promissory estoppel, and violation

Hon. Jessica G.L. Clarke                              - 2 -                                April 23, 2024

of New York Labor Law § 198. On April 9, 2024, Defendants filed a motion to dismiss the complaint pursuant to Rule 12(b)(6) (ECF 20-22-1 (the "Motion"), contending that Plaintiffs fail to plead required elements of all five claims. Defendants further contend that because Signature Bank's employee handbook provided that all bonuses were discretionary, Plaintiffs cannot set forth viable claims for entitlement to such bonuses, as a matter of governing New York law. (*See generally* ECF 21.) On April 17, 2024, Plaintiffs informed the Court that they intend to file an amended complaint in response to the Motion, and will do so by May 7, 2024 (with Defendants' consent as to this deadline). (ECF 23.) Once Plaintiffs' amended complaint is filed, Defendants will decide whether to file a new motion to dismiss, rest on the Motion, or withdraw the Motion and instead answer.

**DEFENDANTS' POSITION**

A district court "has considerable discretion to stay discovery" upon a showing of good cause. *Ema Fin., LLC v. Vystar Corp.*, 336 F.R.D. 75, 79 (S.D.N.Y. 2020). In determining whether to grant a stay of discovery pending a motion to dismiss, courts "must look to the particular circumstances and posture of each case," and consider factors including the breadth of discovery, prejudice to the parties, and the strength of a dispositive motion. *Id.* Courts also "take into account the nature and complexity of the action, whether some or all defendants have joined in the request for a stay, and the posture or stage of the litigation." *Shulman v. Becker & Poliakoff, LLP*, 2018 WL 4938808, at *2 (S.D.N.Y. Oct. 11, 2018) (citation omitted).

Here, multiple factors weigh heavily in favor of granting a stay. *First*, Defendants will be prejudiced by having to incur substantial costs associated with discovery at this time. In October 2023, FDIC published a Receivership Balance Sheet Summary for FDIC-R1, showing a net deficit of $604,850,000.[1] While financial circumstances may change, it is uncertain whether there will ever be sufficient funds to make a distribution to general unsecured creditors. Engaging in costly and time-consuming discovery while the Plaintiffs amend their complaint, and Defendants are likely to renew the Motion, will force Defendants to expend receivership funds, and thereby further diminish the assets potentially available to distribute to creditors according to the statutory distribution scheme set forth under 12 U.S.C. § 1821(d)(11)(A). Indeed, another court in this District recently granted a nearly identical request by FDIC-R1 while its motion to dismiss is pending in that case. *See* Order, January 19, 2024 (ECF 38), in *Rise Development Partners, LLC, et al. v. Signature Bank, et al.*, No. 23-cv-04242 (S.D.N.Y.) (Koeltl, J.), attached hereto as Exhibit A.[2]

*Second*, Defendants have set forth strong arguments in the Motion that Plaintiffs' claims are meritless, and a "stay of discovery should be granted where [a] motion to dismiss

---

[1] *Signature Bank-Receivership Balance Sheet Summary (Unaudited) For Period Ending September 30, 2023*, https://receivership.fdic.gov/drripbal/bank/10540.

[2] *See also Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002) (staying discovery pending resolution of a motion to dismiss because "proceeding with discovery while the motion to dismiss is pending would unnecessarily drain the parties' resources").

Hon. Jessica G.L. Clarke — - 3 - — April 23, 2024

is potentially dispositive, and appears to be not unfounded in the law." *Shulman,* 2018 WL 4938808, at *2 (citation omitted). The Motion seeks dismissal of all of Plaintiffs' claims, on multiple grounds—including that Plaintiffs fail to allege required elements of each claim, and that each claim is barred because Signature Bank's employee handbook provided that bonuses Plaintiffs seek by this action were entirely discretionary. New York courts routinely dismiss actions seeking bonuses under such circumstances. (*See* cases cited at ECF 21 at 16, 24-25.) Each of Defendants' arguments for dismissal is "substantial," and taken together they amount to "substantial arguments for dismissal." *Morgan Art Found. Ltd. v. McKenzie*, 2020 WL 6135113, at *2 (S.D.N.Y. Oct. 18, 2020) (citation omitted). Succeeding on certain of the independently dispositive arguments "may warrant dismissal of Plaintiffs' entire complaint." *Boelter v. Hearst Commc'ns, Inc.*, 2016 WL 361554, at *5 (S.D.N.Y. Jan. 28, 2016); *see also Integrated Sys. & Power, Inc. v. Honeywell Int'l, Inc.*, 2009 WL 2777076, at *1 (S.D.N.Y. Sept. 1, 2009) (granting stay where dispositive motion put forth "multiple, independent arguments for dismissal"). And Defendants expect that these arguments for dismissal will remain substantial even after Plaintiffs amend their complaint.

*Third*, there is little risk of undue delay or prejudice to Plaintiffs if the stay is granted at this early juncture in the case. Plaintiffs filed the Complaint on January 19, 2024; Defendants have already filed a dispositive motion less than three months later, and now Plaintiffs are about to file an amended complaint. Deferring discovery until the amended complaint is filed and Defendants' motion to dismiss that amended complaint (assuming Defendants choose to renew the Motion at that time) is resolved will not cause significant delay. *See New York by James v. Pennsylvania Higher Educ. Assistance Agency*, 2020 WL 605944, at *2 (S.D.N.Y. Feb. 7, 2020) (granting stay where "only four months [had] passed" since complaint's filing); *Negrete v. Citibank, N.A.*, 2015 WL 8207466, at *2 (S.D.N.Y. Dec. 7, 2015) (concluding prejudice from stay would be "minimal" where "hearing date for the [dismissal] motion is less than two months away"); *Integrated Sys. & Power, Inc.*, 2009 WL 2777076, at *1 (stay imposed where motion-to-dismiss briefing would be completed in six weeks and stay would thus "delay the commencement of discovery for only a few months"). In any event, were the Court to dismiss the amended complaint even in part, discovery will be narrower than if it proceeds while the parties await the filing of the amended complaint and Defendants' anticipated motion to dismiss that amended complaint. An interim discovery stay may help to streamline discovery, resulting in a more efficient resolution of the action.

**PLAINTIFFS' POSITION**

Plaintiffs share the FDIC's desire to preserve receivership assets from unnecessary waste—as any judgment obtained by Plaintiffs would be satisfied from those assets. That said, Plaintiffs believe that modest, targeted discovery at this stage would benefit the parties and the Court. The FDIC likely has possession, custody, or control over certain discrete documents that are highly probative of key allegations in the Complaint. These include, among other things: (i) recordings, scripts, or notes related to the "all hands" meeting hosted by Signature's FDIC-appointed CEO Greg Carmichael in March 2023, which is discussed at length in the Complaint; (ii) copies of Plaintiffs' historical bonus compensation "grids"; and (iii) the award documents and vesting schedules for Plaintiffs' deferred compensation grants,

Hon. Jessica G.L. Clarke - 4 - April 23, 2024

which Mr. Carmichael said would accelerate and be paid out in cash at his "all hands" meeting. Plaintiffs expect that the burden on the FDIC to locate and produce these specific, highly probative documents would be minimal—none require ESI discovery protocols to be put in place—and the documents would likely impact the proceedings in this matter, even at the motion to dismiss stage. Indeed, Plaintiffs proposed an arrangement in which they would agree to stay discovery in exchange for a recording of Mr. Carmichael's "all hands" meeting, but were informed by defense counsel that the FDIC, as a matter of policy, does not produce such documents (which it views as receivership property) voluntarily. Thus, unless directed otherwise by this Court, Plaintiffs intend to serve initial discovery demands for the documents referenced in this paragraph shortly after the preliminary conference (reserving their rights to seek additional discovery at a later time).

Finally, while Plaintiffs of course disagree with Defendant's view of the merits of their Complaint, they will respond to those arguments during motion practice at the appropriate time.

Respectfully submitted,

*/s/ John N. Orsini*

John N. Orsini

cc: All counsel of record (*via ECF*)

Based on the parties' submission, the Court stays discovery and adjourns the initial pretrial conference previously scheduled for May 2, 2024 *sine die*. The factors set forth in the parties' letter weigh in favor of a stay. Defendant has moved to dismiss this case, and although Plaintiffs intend to amend the Complaint, it remains possible that this action will be resolved in its entirety at the motion to dismiss stage. Defendant also identifies prejudice and substantial costs it will incur if discovery is not stayed. Plaintiffs, on the other hand, identify no prejudice. Furthermore, there is no reason to believe that the documents Plaintiffs are seeking Defendant produce now will be unavailable later if the case is stayed. For those reasons, the court grants Defendant's requested stay. The Clerk of Court is directed to terminate ECF No. 24.

SO ORDERED.

*Jessica Clarke*

JESSICA G. L. CLARKE
United States District Judge

Dated: April 24, 2024
New York, New York