UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSEPH SEIBERT, et al., <br><br> Plaintiffs, <br><br> -against- <br><br> FEDERAL DEPOSIT INSURANCE CORPORATION, as receiver for Signature Bank, N.A. and Signature Bridge Bank, N.A., <br><br> Defendant. | 24-CV-427 (JGLC) |
| ELENA OLEYNIKOVA, <br><br> Plaintiff, <br><br> -against- <br><br> FEDERAL DEPOSIT INSURANCE CORPORATION, as receiver for Signature Bank, N.A. and Signature Bridge Bank, N.A., <br><br> Defendant. | 24-CV-1425 (JGLC) |

## <u>CONSOLIDATION ORDER</u>

JESSICA G. L. CLARKE, United States District Judge:

By order dated May 28, 2024, this Court indicated that it was inclined to consolidate the above-captioned actions—*Oleynikova v. Federal Deposit Insurance Corp.,* Case No. 24-cv-1425 (the "Oleynikova Action") and *Seibert, et al. v. Federal Deposit Insurance Corp.*, Case No. 24-cv-427 (the "Seibert Action")—given the legal and factual similarities between the cases. *See* Oleynikova Action, ECF No. 7; Seibert Action, ECF No. 30. Separately, on July 15, 2024, this Court stayed the Oleynikova Action until resolution of the then pending motion to dismiss in the Seibert Action. ECF No. 13. On March 28, 2025, the Court issued an order granting in part and denying in part the motion to dismiss in the Seibert Action. *See* Seibert Action, ECF No. 42. As set forth below, the Court now consolidates these actions for the purposes of discovery and lifts

the aforementioned stay in the Oleynikova Action. The Court may consider consolidation for other matters and purposes at a later time.

Rule 42 of the Federal Rules of Civil Procedure permits a court to consolidate cases that "involve a common question of law or fact." Fed. R. Civ. P. 42(a)(2). "In assessing whether consolidation is appropriate in given circumstances," a court "should consider both equity and judicial economy." *Devlin v. Transp. Commc'ns Int'l Union*, 175 F.3d 121, 130 (2d Cir. 1999). District courts enjoy substantial discretion in deciding whether and to what extent to consolidate cases, and may even consolidate cases *sua sponte. See Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990).

Here, both cases raise substantively identical issues. Plaintiffs in both actions are former members of the Digital Assets Group of Signature Bank before they were terminated in 2023. Moreover, both actions involve allegations based on Signature's alleged failure to pay bonuses in connection with a "grid" that was provided to the Digital Assets Group every year. These two actions also both refer to an alleged oral promise in March 2023 by Greg Carmichael to pay employees cash based on the amount of stock they held in Signature.

The Court also has not identified any meaningful concerns regarding potential confusion or prejudice, and as noted, consolidation would promote efficiency. *See id.* While Plaintiffs in the Seibert Action expressed concerns about prejudice resulting from potential differences in litigation timelines (Seibert Action, ECF No. 31), given the Court's recent order, separate motion to dismiss briefing in the Oleynikova Action will likely not be necessary. In any event, any such briefing would be significantly streamlined based on the Court's prior ruling. And it would not prevent the parties from engaging in discovery in the interim given the same March 2023 promise the Court has permitted to proceed in the Seibert Action is alleged in both complaints.

In light of the foregoing, IT IS HEREBY ORDERED that (1) the stay of the Oleynikova Action previously entered on July 15, 2024 (Oleynikova Action, ECF No. 13) is HEREBY LIFTED; (2) the above-captioned actions are consolidated, effective immediately, with the Seibert Action (24-CV-427) to be treated as the lead case; and (3) all parties in both actions shall appear for the initial pre-trial conference currently scheduled for **May 1, 2025** (*see* Seibert Action, ECF No. 43). In addition, all parties should also correspond to submit the required joint letter and proposed case management plan and scheduling order by **April 24, 2025**. The parties are further instructed that all future filings shall be made in the Seibert Action as the lead case, and should be captioned as reflected in this Order.

The Clerk of Court is respectfully directed to consolidate the above-captioned cases, designate the Seibert Action as the lead case, and update the docket to reflect the lifting of the prior stay in the Oleynikova Action.

Dated:  April 3, 2025                                    SO ORDERED.
        New York, New York

                                                        _____
                                                        JESSICA G. L. CLARKE
                                                        United States District Judge