UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JOSEPH SEIBERT, et al.,

                       Plaintiffs,

-against-

FEDERAL DEPOSIT INSURANCE CORPORATION, as receiver for SIGNATURE BANK, N.A. AND SIGNATURE BRIDGE BANK, N.A.,

                       Defendant.

24-CV-427 (JGLC)

**POST-CONFERENCE ORDER**

---

JESSICA G. L. CLARKE, United States District Judge:

       Plaintiffs originally filed this action asserting various claims against Federal Deposit Insurance Corporation ("FDIC") in their capacity as Receiver for Signature Bank, N.A. ("Signature") and as Receiver for Signature Bridge Bank, N.A ("Signature Bridge"). By order dated March 28, 2025, this Court partially granted the Defendant's motion to dismiss, which only permitted Plaintiffs to maintain a cause of action premised on an alleged oral promise made in 2023 by Greg Carmichael, the then newly appointed CEO of Signature Bridge. ECF No. 42 (the "MTD Order"). Subsequently, the parties sought clarity on the effect of the MTD Order on the remaining parties in the case, noting that while presented as a single defendant in the caption, FDIC is a Receiver to two separate entities: Signature Bank ("FDIC-R1") and Signature Bridge Bank ("FDIC-R2").

       As stated in submissions, and confirmed during the May 29, 2025 initial pre-trial conference, FDIC-R1 should be dismissed from this action as a result of the Court's MTD Order. Therefore, for the reasons set forth in this Court's prior order on the Defendant's motion to dismiss (ECF No. 42), Federal Deposit Insurance Corporation, as Receiver for Signature Bank, N.A., is TERMINATED from this action. To be clear, this termination is not intended to, and

does not in fact, prejudice any future appellate rights by Plaintiffs, and is made solely to be consistent with the Court's prior MTD Order. The parties are directed to confer and file a stipulation for this Court's approval with respect to the *Oleynikova* action on this same point.

In addition, the parties are directed to continue to confer, in good faith, regarding the service procedures of a subpoena to FDIC-R1, and counsel should raise any subsequent issues or disputes with this Court in a manner consistent with its Individual Rules and Practices in Civil Cases. The parties are further reminded that, upon request, the Court may refer them to the Court-annexed Mediation Program, or to Magistrate Judge Lehrburger for a settlement conference. Finally, the Court notes that the deadline for FDIC-R2, to file an answer was previously adjourned. ECF No. 51. The Court now sets a deadline of **June 13, 2025** to file its answer to the complaint in the *Seibert* action.

The Clerk of Court is respectfully directed to terminate Federal Deposit Insurance Corporation, as Receiver for Signature Bank, N.A. and Signature Bridge Bank, N.A. as a defendant and add Federal Deposit Insurance Corporation, as Receiver for Signature Bridge Bank, N.A., as Defendant.

Dated: May 29, 2025
New York, New York

SO ORDERED.

*Jessica Clarke*

JESSICA G. L. CLARKE
United States District Judge