UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSEPH SEIBERT, et al.,<br><br>         Plaintiffs,<br><br> - against -<br><br>FEDERAL DEPOSIT INSURANCE CORPORATION, as receiver for Signature Bank, N.A. and Signature Bridge Bank, N.A.,<br><br>         Defendant. | 24-CV-427 (JGLC) |
| ELENA OLEYNIKOVA,<br><br>         Plaintiff,<br><br> - against -<br><br>FEDERAL DEPOSIT INSURANCE CORPORATION, as receiver for Signature Bank, N.A. and Signature Bridge Bank, N.A.,<br><br>         Defendant. | 24-CV-1425 (JGLC) |

**STIPULATED PROTECTIVE ORDER**

   This Stipulated Protective Order (the "Protective Order") is entered into by and among (a) the Federal Deposit Insurance Corporation as Receiver for Signature Bridge Bank, N.A. ("FDIC-R2"); (b) plaintiffs Joseph Seibert, David D'Amico, Jason Cahn, Quinn Leahy, Sarmen Saryan (the "Seibert Plaintiffs"); and (c) Elena Oleynikova ("Oleynikova," and together with the Seibert Plaintiffs, "Plaintiffs"), herein referred to as the "Parties," and each individually as a "Party"; and (d) any other persons or entities who become bound by the Protective Order through the execution of the form attached hereto as Attachment A, subject

4930-2611-9275.1

1

to the terms set forth herein. Accordingly, it is ORDERED:

1. <u>Scope</u>.  All documents produced and deposition testimony and exhibits adduced in this action that are designated as "Confidential" in the manner provided herein (hereinafter collectively the specific "documents"), shall be subject to this Protective Order concerning Confidential Material. The protections conferred by this Protective Order cover not only Confidential Material (as defined below) but also (1) any information copied or extracted from Confidential Material; (2) all copies, excerpts, summaries, or compilations of Confidential Material; and (3) any testimony, conversations, or presentations by parties, third parties or their respective counsel that might reveal Confidential Material. This Protective Order is subject, as applicable, to the Local Rules of this District, the Court's Individual Rules and Practices, and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

2. <u>Definition of Confidential Material</u>.  For purposes of this Protective Order, "Confidential Material" shall mean documents, records, and information, including electronically composed or stored information ("ESI") in written, electronic, digital, or any other medium, provided by any Party or non-party that contains Confidential Information. Confidential Information includes, but is not limited to, the following:

> (a) **Regulatory**: information related in any way to the regulation or supervision of the Bank, in whatever form, whether preliminary or final (except final documents released to the public), including reports of examination or inspection, regulatory correspondence, reports, orders, memoranda, or agreements by, from or with the FDIC in its corporate capacity, the Comptroller, or any other federal or state regulatory authority, and any information containing confidential material obtained from any documents and records related to the supervision or regulation of the Bank.  The Parties understand and agree that the release of such regulatory information may require approval from independent government agencies, and that no regulatory information, however obtained, will be disclosed to non-parties not covered by this Protective Order, except with respect to information already released to the public domain by means other than a violation of this Protective Order.

(b) **Statutory**: information that is confidential pursuant to the Freedom of Information Act, 5 U.S.C. § 552, 12 C.F.R. Part 309, 12 C.F.R. § 21.11, the laws of the state of New York, or any other applicable federal or state laws, including consumer nonpublic personal information ("Non-Party Borrower Information") as defined by the Gramm-Leach-Bliley Act, 15 U.S.C. § 6802, *et seq.* and its implementing regulations.

(c) **Bank and Bank Customers**: PII (as defined below) related to customers or employees of Signature Bridge Bank, N.A. (the "Bank"), any trading company involved in placing orders for commodities futures or options, or any other entity. This shall include including Automated Clearing House items or transactions, chargebacks, merchant processing, bank account information, signature cards, bank statements, general ledger entries, deposit or reserve information, commodity trading statements, loans and lending transactions, loan applications, financial statements and credit reports, business and personal state and federal income tax forms, correspondence, and related loan documentation relating to any extension of credit or loan to any borrower. Examples of such material include, without limitation, documents containing a customer's account number, credit card number, personal identification number, account balance, information relating to a deposit account, loan, or borrower relationship and loan application materials, and documents or information that contain the customer's name, address, social security number, date of birth or other similar identifying information.

(d) **Receivership**: non-public information related to the receivership of the Bank, including any non-public information on loss or estimates of such loss or the Bank's assets.

(e) **Trade Secrets and Other Information**: information that reveals trade secrets or research, technical, commercial, or financial information that the Party or non-party has maintained as confidential.

(f) **Personally Identifiable Information (PII)**: information that contains PII as defined in the Freedom of Information Act, the Privacy Act, the Bank Secrecy Act, and Gramm-Leach-Bliley Act.

If any Party or non-party believes that information not described above should nevertheless be considered as Confidential Material, it may seek a stipulation among the Parties to treat such information as Confidential Material or it may make an appropriate application to the Court. Such application shall only be granted for good cause shown. Information that is available to the public may not be designated as Confidential Material. Notwithstanding the

foregoing paragraphs (a) through (f), no Party is estopped or in any way prevented from later challenging the confidentiality designation of any Confidential Material.

2.4     Any Party who wishes to request additional limits on disclosure (such as an "attorneys' eyes only" designation), may at any time before the trial of this action serve upon counsel for the party to whom Confidential Material is produced (the "Receiving Party") a written notice stating with particularity the grounds of the request. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to the Court in accordance with this Court's Individual Rules and Practices in Civil Cases.

3.      <u>Confidential Designation and Treatment of Confidential Material</u>.  Documents or information containing Confidential Information that are provided by any Party or non-party in connection with this action that are deemed and denominated by any Party or producing non-party as "Confidential" pursuant to this Protective Order shall be deemed to be Confidential Material, unless and until that designation is challenged pursuant to paragraph 9 below. Confidential Material may be designated as such by affixing to the material the legend "Confidential."  For example, the production media/container for native files or productions may be designated as "Confidential." Additionally, documents may be stamped with a "Confidential" endorsement, and native file documents may be designated Confidential Material by including the "Confidential" designation in the filename thereof or on a slip sheet attached thereto.  If Confidential Material produced in another proceeding, litigation, or investigation bears the designation "Confidential," "Highly Confidential," or any other similar confidentiality designation and is produced or used in this action, the Parties shall treat it as Confidential Material.  The failure to designate any Confidential Material with such legend shall not constitute a waiver by any Party or producing non-party of the right to assert that such

information contains or includes protected Confidential Material. In the event that any Party or non-party produces Confidential Material without designating it as such, any Party or non-party may notify the Receiving Parties that the information should have been designated Confidential Material, and the Parties will treat the information as Confidential Material under this Protective Order. Confidential Material shall only mean and shall be limited to the information produced in this action marked with a Bates Stamp number or otherwise designated as "Confidential." In the event a Party obtains an exact duplicate copy of Confidential Material produced in discovery in this Lawsuit from a publicly available source, the Party acquiring the Confidential Material shall not be required to comply with the terms of this Order regarding the use of the duplicate Confidential Material, and the use of such duplicate Confidential Material shall not be subject to the provisions of this Order.

4. <u>Depositions</u>. Unless all Parties agree on the record at the time the deposition testimony is taken that it does not constitute Confidential Material, all deposition testimony taken in this case shall be treated as Confidential Material only until the deponent and Parties have the opportunity to designate specific portions of the testimony as Confidential Material, under the procedures set forth below. Within twenty-one (21) days after the transcript is delivered to the witness and in no event later than 60 days after the testimony was given, any Party may serve written notice to all Parties designating specific portions of the testimony as Confidential Material, and thereafter only those portions identified in the written notice(s) shall be considered Confidential Material under the terms of this Order. A party serving such written notice will do so only if it has a good faith belief that such testimony is confidential. The failure to serve a timely written notice within such twenty-one (21) to sixty (60) day period shall waive any right to designate testimony in that deposition as Confidential Material, unless otherwise

ordered by the Court.

     5.     <u>Protection of Confidential Material</u>.

     (a)     **General Protections**.  Confidential Material shall not be used or disclosed by the Parties, counsel for the Parties or any other persons identified in subparagraph (b) for any purpose whatsoever other than in this litigation, including any appeal thereof.  The transmission of Confidential Material between the FDIC-R2 and other government agencies, including, but not limited to, the FDIC acting in its various other capacities, shall not constitute disclosure for purposes of this Protective Order.

     (b)     **Third-Party Disclosures**.  The Parties and counsel for the Parties shall not disclose or permit the disclosure of any Confidential Material to any third-party or entity except as set forth in subparagraphs (1)-(10) of this paragraph. Subject to these requirements, the following categories of persons are allowed to review Confidential Material:

     (1)     **Counsel**.  Counsel for the Parties, including counsel for Parties' parents, subsidiaries, and subsidiaries of parents, and employees of counsel who have responsibility for the action;

     (2)     **Parties**. Employees or former employees of a Party, including Parties' parents, subsidiaries, and subsidiaries of parents, or employees or former employees of the Bank, but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed;

     (3)     **The Court and its personnel and the jury at trial**;

     (4)     **Court Reporters and Recorders**.  Court reporters and recorders engaged for depositions and/or non-public hearings;

     (5)     **Contractor**s. Those persons specifically engaged for graphic production and reproduction services, and/or litigation support services, including outside vendors hired to process electronically stored documents;

(6) **Consultants, Investigators, Experts, and Mock Jurors**. Consultants, investigators, experts (and their respective staff), and mock jurors employed by the Parties or counsel for the Parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

(7) **Witnesses at depositions or trial**. During their depositions or at trial, or in preparation therefor, witnesses in this action to whom disclosure is reasonably necessary. Witnesses shall not retain a copy of documents containing Confidential Material, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts.

(8) **Author or recipient**. The author or recipient of the document (not including a person who received the document in the course of this litigation);

(9) **Mediators**. Any mediator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed hereto;

(10) **Others by Consent or Court Order**. Other persons only by written consent of the Producing Party or upon order of the Court and on such conditions as may be agreed or ordered.

(c) **Control of Documents.** The executed Attachment A forms signed by persons acknowledging their obligations under this Protective Order, provided to counsel for the Party sharing the Confidential Material shall be retained by such counsel for a period of three years after the dismissal or entry of final judgment not subject to further appeal.

6. <u>Failure to Designate</u>. A failure to designate a document as Confidential Material does not, standing alone, waive the right to so designate the document except as specified in paragraph 3 above. If a Party designates a document as Confidential Material after it was initially produced, but before trial, the Receiving Party, on notification of the designation, must make a reasonable effort to ensure that the document is treated in accordance with the provisions of this Protective Order. No party shall be found to have violated this Protective Order for failing to

maintain the confidentiality of material during a time when that material was not designated Confidential Material, even where the material is subsequently designated Confidential Material.

7.    Filing of Confidential Material.  Any Party wishing to file Confidential Material in connection with a motion, brief or other submission to the Court must file it under seal in compliance with applicable local rules and the Court's Individual Rules and Practices in Civil Cases.

8.    No Greater Protection of Specific Documents.  No Party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Protective Order unless the Party moves for an order providing such special protection or the Party discloses its intention to withhold to all Parties and receives their written consent. Withholding information based upon a privilege or the work product doctrine is not an assertion that the information requires greater protection.

9.    Challenges by a Party to Designation as Confidential Material.  The designation of any material as Confidential Material is subject to challenge by any Party.  The following procedure shall apply to any such challenge.

    (a)    **Meet and Confer**.  A Party challenging the designation of Confidential Material (the "Challenging Party") must do so in good faith and must begin the process by conferring directly with counsel for the party that designated the Confidential Material as such (the "Designating Party"). A Designating Party will participate in a meet and confer withing five (5) business days of such request. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation.  The Designating Party must respond to the challenge within five (5) business days after the Parties' meet and confer.  If a

Designating Party believes more time is needed to review the designated material or another meet and confer is needed, it shall advise the other Party of such need, but the Party challenging the designation may declare an impasse when it has a good faith belief that the Parties will not be able to resolve the dispute.

        (b)    **Judicial Intervention**. In the event that the meet and confer procedure set forth in paragraph 9(a) does not resolve the dispute, the Challenging Party may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements of paragraph 9(a). The burden of proof in any such challenge proceeding shall be on the Designating Party. Until the Court rules on the challenge, all the materials shall continue to be considered Confidential Material under the terms of this Protective Order.

    10.    <u>Use of Confidential Material at Trial</u>. Nothing in this Protective Order shall be construed to prohibit the use of any Confidential Material at any trial or hearing.

    11.    <u>Confidential Material Subpoenaed or Ordered Produced in Other Civil Litigation</u>.

        (a)    If a Receiving Party is served with a subpoena or an order issued in other civil litigation or by a governing tribunal or government agency that would compel disclosure of any Confidential Material, the Receiving Party, to the extent permitted by law and the governing tribunal or agency, must so notify the Designating Party, in writing, as soon as reasonably possible after becoming aware of such service, and in no event more than five (5) court days after its counsel receives the subpoena or order. Such notification must include a copy of the subpoena or court order.

(b) The Receiving Party also must, as soon as reasonably possible, deliver a copy of this Protective Order, and inform in writing the party in the other civil litigation, governing tribunal, or government agency who caused the subpoena or order to issue that some or all of the material covered by the subpoena or order is the subject of this Protective Order.

(c) The purpose of imposing these duties is to alert the interested persons to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its Confidential Material. If the Designating Party does not file a motion for protective order or a similar filing by the due date of the subpoena or order, the Party receiving the subpoena or order may produce the documents responsive to such subpoena or order. The Designating Party shall bear the burden and the expense of seeking protection of its Confidential Material, and nothing in these provisions should be construed as requiring, authorizing, or encouraging a Receiving Party in this action to disobey a lawful directive. The obligations set forth in this paragraph remain in effect while the Receiving Party has in its possession, custody or control Confidential Material.

12. <u>Confidential Material Subpoenaed or Ordered Produced Pursuant to Criminal Investigation and/or Prosecution</u>. Notwithstanding any other provision of this Protective Order, if a Receiving Party is served with a warrant, writ, grand jury subpoena, or criminal subpoena, the Receiving Party may comply with that warrant, writ, grand jury subpoena, or criminal subpoena without further notification to any other Party.

13. <u>No Waiver of Privileges</u>. Pursuant to Fed. R. Evid. 502(d) and this Protective Order, the production of Confidential Material that is subject to the attorney-client privilege or the work product doctrine shall not be deemed, and shall not constitute, in this or any other federal or state proceeding, a waiver of any otherwise applicable privilege or protection. The

Parties shall not have to meet the requirements of Fed. R. Evid. 502(b)(1)-(3). With respect to FDIC-R2, these privileges may include, but are not limited to, any privilege that the Bank may have had, or any federal or state regulatory agency may hold, to the extent such privilege applies under applicable law.  The Parties' production of Confidential Material is not intended to, and shall not, waive or diminish in any way the confidentiality of such material or its continued protection under the attorney-client privilege and work product doctrine.

In addition, the Parties also agree the production of Confidential Material that is subject to other claimed privileges, doctrines, exemptions, or restrictions that the producing Party or nonparty might cite in good faith as a basis for withholding such Confidential Material from production to any other party shall not be deemed, and shall not constitute, in this or any other federal or state proceeding, a waiver of any otherwise applicable privilege or protection.  The Parties acknowledge that Fed. R. Evid. 502(d) pertains only to the attorney-client privilege or the work product doctrine, and does not include these other claimed privileges, doctrines, exemptions, or restrictions.  Recognizing this, the Parties intend to treat the production of such privileged information similarly (*i.e.* no waiver), unless the production of the privileged information is completely reckless.

Furthermore, in the event that a Party or non-party produces attorney-client privileged or work product privileged information, or other information protected by law from disclosure even under a Protective Order, and if the Party or non-party subsequently notifies the Receiving Party or non-party that the privileged information should not have been produced, the Receiving Party or non-party shall immediately return the originals to the Producing Party, destroy any paper copies, and delete or render inoperable all electronic copies of the produced privileged electronic copies of ESI that the Producing Party believes to be privileged or otherwise protected from

disclosure. Confidential Material over which the Producing Party has asserted a claim of Privilege saved on back-up media in an electronically stored format will be deemed to comply with the provision if the Receiving Party has taken steps to ensure that the data destruction policy for the backup media will result in the eventual destruction or overwriting of the requested information.  The return or destruction of Confidential Materials over which the Producing Party has asserted a claim of privilege shall be without prejudice to the Receiving Party's right to contest the claim of Privilege, including seeking an order from the Court directing the production of the document on the ground that the claimed Privilege is invalid or inapplicable; provided, however, that mere production of the information in the course of the action shall not constitute grounds for asserting waiver of the Privilege.

In the event of a dispute regarding the claim of privilege, the Receiving Party shall not make use of the Confidential Material in question until the matter is resolved, but may retain a copy of the material for in camera review in support of the appropriate discovery motion.

Similarly, each Party has a duty to notify a Producing Party if they reasonably believe that the material such Party produced contains information that may be protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or ground for withholding production.  To the extent that the Parties disagree over the application of these principles to any such production or challenge to the privileged nature of such material, the Receiving Party shall not make use of the material in question until the matter is resolved by the Court.  The Parties agree that FDIC-R2 is not required to provide any kind of identification of the documents withheld from production as protected by the Bank Secrecy Act.

14.     <u>Reservation of Rights</u>.  Nothing in this Protective Order confers upon the Parties any further right or access to Confidential Material not provided by the other Parties, including

but not limited to any information a Party or non-party withholds on the basis of any applicable privilege or immunity, regardless of whether such withheld information may otherwise qualify as Confidential Material if produced rather than withheld. With respect to Confidential Material requested or produced, each Party reserves its rights under this Protective Order, and otherwise under law.

15. <u>Obligations on Conclusion of Litigation</u>.

(a) **Order Continues in Force**. Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

(b) **Obligations at Conclusion of Litigation**. Within ninety (90) days of the conclusion of this action (meaning final judgment and exhaustion of all appeals or a final settlement of all claims), all Parties in receipt of Confidential Material shall use commercially reasonable efforts to either return such materials and copies thereof to the producing Party or destroy such materials and certify that fact unless: (i) the Confidential Material has been offered into evidence or filed without restriction as to disclosure; (ii) the parties agree to the destruction to the extent practicable in lieu of return; or (iii) as to documents bearing the notations, summations, or other mental impressions of the Receiving Party, that party elects to destroy the documents and certifies to the Producing Party that it has done so. The Receiving Party's commercially reasonable efforts shall not require the return or destruction of Confidential Material that: (i) is stored on backup storage media made in accordance with regular data backup procedures for disaster recovery purposes, or (ii) is located in the email archive system or archived electronic files of departed employees. Backup storage media will not be restored for purposes of returning or certifying destruction of Confidential Material, but such retained

information shall continue to be treated in accordance with this Protective Order. Confidential Material that is subject to legal hold obligations may be maintained until cessation of the obligation.

(c) **Retention of Work Product and one set of Filed Documents**. Notwithstanding the above requirements to return or destroy documents, counsel may retain (1) attorney work product, including an index that refers or relates to designated Confidential Information so long as that work product does not duplicate verbatim substantial portions of Confidential Material, and (2) one complete set of all documents filed with the Court including those filed under seal. Any retained Confidential Information shall continue to be protected under this Order. An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use Confidential Material.

(c) **Deletion of Documents filed under Seal from Electronic Case Filing (ECF) System**. Filings under seal shall be deleted from the ECF system only upon order of the Court.

16. <u>Disclosing Party's Own Confidential Materials</u>. Nothing in this Protective Order shall be construed to limit any disclosing Party's use or disclosure of its own documents, materials, or information that have been designated as Confidential Material pursuant to this Protective Order. Additionally, any disclosing Party may, at any time, amend the confidentiality designation of the Confidential Materials it has produced.

17. <u>Order Subject to Modification</u>. This Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter.

18. <u>No Prior Judicial Determination</u>. This Order is entered based on the

representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated Confidential Material by counsel or the parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

19. <u>Binding Effect; Assignment</u>.  This Protective Order shall be binding upon the Parties and non-parties hereto, their affiliates, their representatives, and their respective successors or assigns.  No Party may assign any right or delegate any duty under this Protective Order other than to an affiliate without the other Party's prior written consent.

20. <u>Remedies</u>.  To enforce rights under this Protective Order or in the event of an alleged violation of this Protective Order, the Parties and/or any producing non-party shall first seek to resolve the alleged violation through prompt and reasonable discussion.  In the event such efforts fail to promptly resolve the alleged violation, the Parties and/or any producing non-party reserve the right to seek relief from the Court in the Lawsuit for money damages, injunctive relief, or any other relief as appropriate.

21. <u>Notice</u>. All notices required to be given under the Protective Order shall be in writing and delivered to the addressees set forth below or their designated successor counsel of record, if any.  Notice shall be sent by overnight delivery or registered or certified mail, return receipt requested, and by e-mail, and shall be considered delivered and effective three days after mailing.

**SO STIPULATED.**

| | |
|---|---|
| */s/ Joseph Gallagher* | */s/ Alex Sakin* |
| Jonathan Harris<br>Joseph Gallagher<br>HARRIS ST. LAURENT & WECHSLER LLP<br>40 Wall Street, 53rd Floor<br>New York, NY 10005<br>T: (212) 397-3370<br>E: jon@hs-law.com<br>E: jgallagher@hs-law.com | Alex Sakin<br>SAKIN LAW<br>5 W. 37th Street, Suite 638<br>New York, NY 10018<br>T: (212) 397-3370<br>E: alex@sakin-law.com |
| *Attorneys for Plaintiffs Seibert, D'Amico, Saryan, Cahn, and Leahy* | *Attorneys for Plaintiff Elena Oleynikova* |

*/s/ John N. Orsini*

John N. Orsini
Carolyn Young
FRIEDMAN KAPLAN SEILER ADELMAN & ROBBINS LLP
7 Times Square
New York, NY 10036
T: (212) 833-1100
E: jorsini@fklaw.com
E: cyoung@fklaw.com

*Attorneys for Defendant*

SO ORDERED this   24th   day of   September  , 2025.

_____
JESSICA G. L. CLARKE
United States District Judge

4930-2611-9275.1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSEPH SEIBERT, et al., <br><br> Plaintiffs, <br><br> - against - <br><br> FEDERAL DEPOSIT INSURANCE CORPORATION, as receiver for Signature Bank, N.A. and Signature Bridge Bank, N.A., <br><br> Defendant. | 24-CV-427 (JGLC) |
| ELENA OLEYNIKOVA, <br><br> Plaintiff, <br><br> - against - <br><br> FEDERAL DEPOSIT INSURANCE CORPORATION, as receiver for Signature Bank, N.A. and Signature Bridge Bank, N.A., <br><br> Defendant. | 24-CV-1425 (JGLC) |

**ATTACHMENT A**

**ACKNOWLEDGMENT AND AGREEMENT TO STIPULATED PROTECTIVE ORDER**

      The undersigned hereby acknowledges that he/she has read the Stipulated Protective Order dated _____ in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Southern District of New York in matters relating to the Stipulated Protective Order and understands that the terms of the Stipulated Protective Order obligate him/her to use materials designated as Confidential Material in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such Confidential Material to any other person, firm or concern.

The undersigned acknowledges that violation of the Stipulated Protective Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____
_____
_____

Date: _____   _____

                                     Signature