

**HARRIS**

**ST. LAURENT**

**WECHSLER**

MEMO ENDORSED

November 28, 2025

**BY ELECTRONIC FILING**

Hon. Jessica G.L. Clarke
United States District Judge
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007

Re: *Seibert, et al. v. Federal Deposit Ins. Co. as Receiver for Signature Bank, N.A., et al.*, **Case No. 24-cv-00427 (JGLC)**

Dear Judge Clarke:

On behalf of Plaintiffs in this action, I write pursuant to Local Rule 37.2 and Section 4(k) of this Court's Individual Practices to request a pre-motion conference on the continued failure of non-party Flagstar Bank, N.A. ("Flagstar") to comply with Plaintiffs' validly served subpoena. As set forth below, the parties have met and conferred multiple times, and Plaintiffs have substantially narrowed the issues on which they seek discovery from Flagstar. Owing in part to a medical emergency involving Flagstar's counsel's family, discussed below, Flagstar has yet to take a position on Plaintiffs' most recent proposal. Plaintiffs therefore request a pre-motion conference scheduled within a reasonable time to permit Flagstar's counsel to participate fully.

By way of background: Plaintiffs sent a subpoena *ad testificandum* and *duces tecum* on Flagstar on September 12, 2025 and Flagstar accepted service on September 16th. Counsel for Plaintiffs first spoke with in-house counsel to Flagstar on September 22nd regarding the scope of the subpoena. Plaintiffs then contacted in-house counsel again on October 8th because Flagstar had failed to provide documents, a deposition date, or written responses or objections. The following day, external counsel to Flagstar, Roxanne Tashjian of Cullen & Dykman LLP, contacted Plaintiffs' counsel to discuss. Counsel spoke on the phone on October 10th, and Flagstar requested additional time to provide its responses and objections, which it served on October 24th. Critically, there were several categories of documents where Flagstar agreed to produce responsive, non-privileged documents; those documents have yet to be produced.

Counsel for Plaintiffs and Flagstar continued to correspond via email and phone calls over the following weeks. During a telephonic meet-and-confer on November 5th, Plaintiffs indicated they were most interested in the files of former Flagstar CEO Thomas Cangemi, who corresponded

JOSEPH GALLAGHER    JGALLAGHER@HS-LAW.COM    DIRECT (917) 512-9464

HS-LAW.COM    MAIN (212) 397-3370 | FAX (212) 202-6206 | 40 WALL STREET, 53RD FLOOR, NEW YORK, NY 10005

Hon. Jessica G.L. Clarke
Page 2 of 3
November 28, 2025

directly with leadership at Signature Bridge Bank, N.A.("SBB") regarding retention payments to be paid to SBB employees joining Flagstar following the latter's acquisition of the former. Counsel for Flagstar said that they were having difficulty identifying a Rule 30(b)(6) witness because it was difficult to locate relevant documents and most of the key personnel involved in the matters at issue were no longer with the bank.

Ten more days of silence followed. Plaintiffs emailed Flagstar on November 14th to renew their request for a deposition date and were told by Flagstar's counsel that she would discuss with her client. Plaintiffs followed up again over email and spoke on the phone with Flagstar's counsel on Thursday, November 20th. Flagstar's counsel confirmed that her client had to restore certain of Mr. Cangemi's email files and was processing them. Noting that the close of fact discovery was approaching, Plaintiffs made an oral proposal to Flagstar, confirmed via email on Monday, November 24th, that in exchange for satisfactorily complete written responses to two discrete issues, Plaintiffs may be willing to forego enforcing their subpoena.  Those issues are, as communicated to Flagstar's counsel:

1) We know that Flagstar took responsibility to pay two categories of retention payments to former Signature Bridge Bank employees. One was paid to former key personnel (bankers) and the second was to general staff. We need to understand how those amounts were calculated (ie, what factors went into those numbers) and whether Flagstar had any role in deciding/calculating them.

2) We also need to know who made the decision not to hire our clients (Joe Seibert, Dave D'Amico, Sarmen Saryan, Quinn Leahy, and Jason Cahn) from SBB. IE, did Flagstar tell SBB it would not hire our clients (and when did it so tell SBB), did SBB never put them up as part of potential acquisition, did the FDIC say that it did not want plaintiffs to be hired, etc.

Flagstar's counsel responded on Tuesday, November 25th that she was discussing Plaintiffs' proposal with the bank.  Owing to the Thanksgiving holiday and the scheduled end of fact discovery, Plaintiffs emailed Ms. Tashjian around midday today (November 28th) to ask for the bank's response, and then left her a voicemail at approximately 4:20 p.m., informing her of our need to file a pre-motion letter. At 6:24 p.m., Ms. Tashjian responded via email as follows:

Joe,

My husband suffered a heart attack on Wednesday morning and I have been in the hospital with him since then. I have not reached out to my client about your late Monday-night email request since

Hon. Jessica G.L. Clarke
Page 3 of 3
November 28, 2025

Tuesday as a result. I do not have access to a computer right now to mark this up. Please add the contents of this email to any letter that you send to the court and I respectfully request that the court provide additional time for me respond. Thanks.

Roxanne

We of course wish counsel's husband a speedy recovery and are happy to extend her reasonable courtesies. Nevertheless, we do request the scheduling of a pre-motion conference within a reasonable time frame regarding enforcement of Plaintiffs' subpoena.

Respectfully Submitted,

*/s/ Joseph Gallagher*

CC:    All Counsel of Record (via CM/ECF)
Roxanne Tashjian, Esq. (rtashjian@cullenllp.com)

Application DENIED. The Court extends its sincere wishes to Flagstar Bank's counsel and her family. Plaintiffs are ORDERED to confer with Flagstar regarding their outstanding discovery demands by December 9, 2025, and submit a renewed letter regarding this dispute that includes Flagstar Bank's position by December 11, 2025. That letter should address, among other things, the status of documents Flagstar already agreed to produce, Flagstar's position on Plaintiffs' November 24, 2025 proposal, and each element specified by Rule 4(k) of the Court's Individual Rules and Practices in Civil Cases. Plaintiffs are directed to serve a copy of this Order on Flagstar Bank by December 3, 2025, and the Clerk of Court is directed to terminate ECF No. 79.

SO ORDERED.

JESSICA G. L. CLARKE
United States District Judge

Dated: December 1, 2025
New York, New York